IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02576

**CLIFFORD BRANDON**, individually and on behalf of all others similarly situated,
   Plaintiff,

v.

UNITED STATES INFRASTRUCTURE CORP.,

   Defendant.

## ORIGINAL COMPLAINT

### SUMMARY

1. United States Infrastructure Corporation (USIC) did not pay all overtime due to the hourly employees it employs as required by the Fair Labor Standards Act (FLSA).

2. USIC would only allow Clifford Brandon (Brandon) to clock in and out when on a job site.

3. USIC failed to pay Brandon for the time he spent attending required project meetings, traveling to and from job sites, working through required thirty minute lunch breaks, mapping out his route to complete inspections, reading and responding to work emails, and preparing reports at the end of his shift.

4. USIC did not pay Brandon overtime as required by the FLSA for all of the hours that he worked in excess of 40 hours a week.

5. Brandon brings this action to recover unpaid overtime and other damages.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the facts giving rise to this suit occurred in this District and Division.

8. Brandon worked for USIC in and around Denver, Colorado.

## THE PARTIES

9. Brandon was an hourly employee of USIC.

10. USIC employed Brandon as a Utility Locator.

11. USIC is an Indiana corporation that operates throughout the United States. It may be served with process by serving its registered agent Jim Muhl at 9045 N. River Road, Suite 300, Indianapolis, Indiana, 46240.

## COVERAGE UNDER THE FLSA

12. At all relevant times, USIC was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all relevant times, USIC was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, USIC was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell

phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

15. At all relevant times, USIC has had an annual gross volume of sales made or business done of not less than $500,000.

16. At all relevant times, Brandon was engaged in commerce or in the production of goods for commerce.

## THE FACTS

17. USIC is an Indiana corporation.

18. USIC specializes in the locating utility services.

19. Brandon worked for USIC in and around Denver, Colorado.

20. Brandon was an hourly employee of USIC.

21. Brandon earned around $22 per hour while working for USIC.

22. Brandon worked as a Utility Locator.

23. Brandon would locate underground network, gas, electrical and cable lines.

24. Brandon's job duties were routine and governed by USIC's policies and procedures.

25. Brandon's job duties made him non-exempt from the FLSA's overtime requirements.

26. The pay practice which Brandon was subjected to made him non-exempt under the FLSA's overtime requirements.

27. Brandon worked for USIC from June 2018 until November 2020.

28. Brandon regularly worked 60 hours per week.

29. While USIC paid Brandon at a time and a half rate for hours worked over 40 in a workweek, it failed to compensate Brandon for all hours he worked.

30. USIC required Brandon to clock in and out only when on a job site, even though he spent considerable time performing essential job duties away from the job site or "off the clock."

31. For example, USIC would not pay Brandon for required project meetings.

32. USIC would not pay Brandon for his time traveling to and from job sites.

33. USIC required Brandon to clock out for lunch breaks even though he would often work through lunch.

34. USIC would not pay Brandon in the morning when he would map out his daily route to complete USIC's required inspections efficiently and in order.

35. Brandon was required by USIC to complete reports at the end of his day. Even though he was not on the job site and USIC expected him to be clocked out. Brandon spent considerable time in the evenings completing these reports as well as reading and responding to work emails off the clock.

36. Thus, rather than receiving time and a half as required by the FLSA, Brandon did not receive any compensation for hours worked off the clock, including those over 40 in a workweek.

37. The failure to compensate Brandon, who was non-exempt, overtime compensation violates the FLSA.

38. As an employer USIC is required to know about the FLSA, and its overtime requirements.

39. USIC nonetheless failed to pay Brandon overtime for all of the hours that he worked.

40. USIC's failure to pay overtime to Brandon was a willful violation of the FLSA.

### CAUSE OF ACTION – VIOLATION OF THE FLSA

41. Brandon incorporates the preceding paragraphs by reference.

42. By failing to pay Brandon for all hours worked, USIC violated the FLSA's overtime provisions.

43. USIC owes Brandon overtime pay for all hours worked, including those which were worked off the clock.

44. Brandon's off the clock hours were an integral and necessary part of Brandon's job responsibilities and performed in furtherance of USIC's business.

45. These off the clock hours included attending required project meetings, traveling to and from job sites, working through lunch breaks, mapping out his route to complete inspections, reading and responding to work emails, and preparing reports at the end of his shift.

46. Because USIC knew, or showed reckless disregard for whether its pay practices violated the FLSA, USIC owes these wages for at least the past three years.

47. USIC is liable to Brandon for an amount equal to all unpaid overtime wages as liquidated damages.

48. Brandon entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

49. Brandon demands a trial by jury.

## PRAYER

50. Brandon prays for relief as follows:

    a. Judgment awarding Brandon all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

    b. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

    c. All such other and further relief to which Brandon may show himself to be justly entitled.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    **Michael A. Josephson**
    Texas Bar No. 24014780
    **Andrew Dunlap**
    Texas Bar No. 24078444
    **Richard M. Schreiber**
    Texas Bar No. 24056278
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    rschreiber@mybackwages.com

    **AND**

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    11 Greenway Plaza, Suite 3025
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**